**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA MICHELE LYTON,<br><br>              Plaintiff,<br><br>   vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>              Defendant. | CASE NO. CV 12-09454 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

        The Administrative Law Judge determined that Plaintiff Diana Michele Lyton did not qualify for disability payments, and Plaintiff now challenges that ruling on two grounds.

        Plaintiff asserted, and the Administrative Law Judge agreed, that Plaintiff suffered from fibromyalgia. Fibromyalgia is little understood and there is no known cure. *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). But, like any impairment, the existence of the impairment does not automatically entitle a claimant to disability benefits. The claimant still must proceed through the five-step evaluation process, and thereby demonstrate that he or she is disabled.

        In arguing, first, that the Administrative Law Judge erred in his assessment of Plaintiff's residual functional capacity, Plaintiff asserts that the Administrative Law Judge wrongly rejected the opinion of her treating physician, Dr. Lehmer. Dr. Lehmer,

however, explicitly refrained from stating an opinion as to Plaintiff's residual functional capacity. [AR 1136-37] Dr. Lehmer did state his opinion that Plaintiff would miss three or more days a month as a result of her fibromyalgia [AR 1138], but this opinion was stated merely by checking a box on a form, and Dr. Lehmer gave no supporting facts to bolster the opinion. *Cf. Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). Nor did Plaintiff in this Court point to any part of Dr. Lehmer's records that supported this statement.

The consulting physician who examined Plaintiff, Dr. Safavi, stated his view that Plaintiff's residual functional capacity could be determined, and the Administrative Law Judge adopted that residual functional capacity. The opinion of an examining doctor can stand as substantial evidence in support of the Commissioner's decision and can even do so despite a treating physician's contrary opinion where, as here, the consulting physician made independent findings based on his own testing that the treating physician did not see. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Accordingly, there is no merit to Plaintiff's first challenge to the Administrative Law Judge's decision.

Plaintiff's second argument appears to be that the Administrative Law Judge wrongly assessed her credibility. Plaintiff primarily argues that the Administrative Law Judge wrongly determined that she could work despite her pain. Pain is idiosyncratic, and incapable of measurement with any kind of reliability or precision. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). But it is clear that pain alone cannot be the basis for a finding of disability, *see* 42 U.S.C. § 423(d)(5)(A), and that here, too, the determination of the Administrative Law Judge must be accepted if it is backed by substantial evidence.

The Administrative Law Judge pointed to inconsistent statements about Plaintiff's mental status. [AR 36] While Plaintiff ultimately asserted that she was not claiming a mental impairment, there were earlier statements to the contrary, and the fact of inconsistency was a factor the Administrative Law Judge was entitled to take into account, even as to the Plaintiff's credibility about her pain. *Fair*, 885 F.2d at 604 n.5. In addition, the Administrative Law Judge pointed to a foreign trip Plaintiff had taken, and

another trip, as impeaching Plaintiff's assertion that her pain prevented her from working. In this Court, Plaintiff proffers other explanations for the trips, but this Court is bound to accept the Administrative Law Judge's interpretation where evidence is susceptible of more than one interpretation. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). The Administrative Law Judge also pointed to Plaintiff's daily activities as inconsistent with the degree of impairment that Plaintiff claimed. This too is a valid basis for credibility assessment, *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*). Plaintiff asserts, essentially, that there is evidence to support Plaintiff's claims, but it is not the Court's province to evaluate the evidence. That is for the Administrative Law Judge, even if a party or, indeed, a different judge, might have interpreted the evidence differently. *Rollins, supra.*

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: January 10, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE